# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| CASE NUMBER | 01 C 3591 | DATE | 6/24/2003 |
| CASE TITLE | New Century Mortgage Corp. vs. Kevin Roebuck, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion to dismiss [16-1] is granted, and petitioner's petition to vacate the judgment of foreclosure is denied. Plaintiff's renewed motion to dismiss [18-1] is denied as moot. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 25 2003 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 6/24/2003 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials: IS | 03 JUN 24 PM 4: 53 | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| NEW CENTURY MORTGAGE CORPORATION, ) ) Plaintiff, ) ) v. ) ) KEVIN ROEBUCK and STEELE & LOEBER LUMBER COMPANY, ) ) Defendants. ) | Case No. 01 C 3591<br><br>Judge Paul E. Plunkett<br><br>Magistrate Judge<br>Martin C. Ashman |

DOCKETED JUN 25 2003

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Ludie Bradley, as Guardian of the Estate and Person of Ella Hubbard, to vacate the judgment of foreclosure entered on July 26, 2001, and on Plaintiff New Century Mortgage Corporation's motion to dismiss the petition.[1] For the reasons set forth below, the Court finds that Plaintiff's motion should be granted, and Petitioner's petition should be denied.

### I. Background

The facts, as told by Ludie Bradley, begin as follows. In November of 2002, Ludie Bradley learned that her sister, Ella Hubbard, was about to be evicted from the home in which she had resided for over forty-four years.[2] Upon investigation, Ludie learned of the existence of a deed dated September 29, 2000, conveying the home to Kevin Roebuck, who happened to be

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. See 28 U.S.C. § 636(c); Local R. 73.1(b).

[2] The home is located at 9543 South Parnell in Chicago, Illinois.

the boyfriend of Ella's daughter. Kevin had taken out a mortgage on the home in his name, failed to make payments, and had failed to appear to defend himself in the foreclosure action. A default judgment of foreclosure was entered in this case on July 26, 2001.[3]

Ludie decided that the signature on the deed was a forgery and that Ella's children were involved in a scheme to defraud her. But to understand how Ludie believed this might have been possible, it is necessary for the Court to back up a few steps. A few years earlier, in September of 1999, a guardianship proceeding had been initiated in the probate division of the Circuit Court of Cook County in which Ella's daughter, Vanessa Poindexter, petitioned that court to be appointed guardian over Ella's estate and person. Ella's son Kenneth Hubbard also filed a similar petition in February 2001. Ella opposed these proceedings and was represented by a guardian ad litem, Valee Salone. On June 14, 2001, Ella was declared disabled, and Kenneth Hubbard was appointed guardian over her estate and person.

As soon as Ludie discovered the alleged forgery, she filed a petition in probate court to oust Kenneth and take his place as Ella's guardian.[4] In December 2002, Ludie filed a municipal state court action to stop the eviction. Ludie also filed the current petition to vacate the judgment of foreclosure. In the petition she alleges that the property transfer between Ella and Kevin Roebuck was a sham, and that the signature on the deed giving the property to Kevin was a forgery. Her only proof that the deed was forged is an undated copy of Ella's will, which

---

[3] On April 4, 2002, an order approving the report of the sale of the house and an order for possession was entered.

[4] According to Ludie, she is the current plenary guardian of Ella.

ostensibly demonstrates that the signature on the will and on the deed are visibly different to the untrained naked eye.

As New Century points out, Ella had reason to know of the property transfer. The parties to the guardianship proceeding were not in the dark either. The deed was dated September 29, 2000, almost one year before Ella was declared disabled. In conjunction with the mortgage taken out by Kevin Roebuck, a check in the amount of $25,483.39 was given to Ella from Law Title Insurance Company and a deposit in the same amount was made to her bank account on October 3, 2000. Ella's mortgage on the house (which had previously been in foreclosure proceedings) was also paid off. The instant foreclosure action was initiated against Kevin Roebuck on May 16, 2001, one month before Ella was declared disabled. Kevin was served via substitute service at the house where Ella resided also. Ella was never made a party to this foreclosure action.

Ella has, however, also denied the transfer of the property. In March of 2001, the guardian ad litem, Valee Salone, submitted a supplemental report to the probate court, reporting that she had interviewed Ella. During the interview, Ella denied executing the deed transferring the house to Kevin Roebuck. According to the report, Kenneth said he was willing to undo any transfers to restore his mother's estate. The report concluded by stating that Ella had recanted her earlier objection to adjudication as a disabled person and she wanted her son Kenneth to be her guardian.

Furthermore, although Kenneth Hubbard represented to the probate court in February 2001 that the approximate value of Ella's real estate was $110,000.00, he subsequently filed a petition to close the estate of Ella Hubbard. In this petition he stated that Ella did not own any

real property. The court granted the petition.[5] Later, in February of 2002, the court ordered Kenneth's counsel to arrange an agreement with Kevin Roebuck, as title owner of the Ella's real estate, for a lien to be placed against the property for attorney fees for Valee Salone.

Against this convoluted background, in January of 2003, over seventeen months after the judgment of foreclosure was entered, Petitioner filed the pending petition to vacate the judgment.

## II. Discussion

Petitioner's entire argument, which is practically bereft of legal authority, centers around the assertion that the deed transferring the property to Kevin Roebuck was forged, and that the judgment should be set aside for this reason. New Century sets forth a variety of reasons (barely supported by legal authority) why the petition should be denied and dismissed. It argues that the Court does not have subject matter jurisdiction over this petition. It also argues that an allegation of forgery is fraud that must be pled under the stringent standards of Rule 9(b). Finally, it argues that Ludie is estopped from bringing this petition.

### A. Federal Rule of Civil Procedure 60(b) Relief from Judgment

Rule 60(b) sets forth the reasons by which a party may obtain relief from a final judgment for reasons other than clerical errors:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the

---

[5] In granting the petition, the court considered the fact that Kenneth had made a representation that Ella's personal estate was less than $10,000.00 and that she did not own any real estate.

following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Although courts have the power to set aside judgments, public policy favors the expeditious resolution of disputes and the finality of judgments. *McGeshick v. Choucair*, 72 F.3d 62, 63-64 (7th Cir. 1995) (discussing the countervailing factors of setting aside "improvidently chosen" judgments versus the need for "preserving finality in judicial decision making").

New Century argues that no exceptional circumstances exist that justify setting aside the final judgment of this court. Neither in Petitioner's petition, nor in Petitioner's brief response to New Century's motion to dismiss, does Petitioner expound at any length as to which subsection of Rule 60 it is proceeding under. Rather, in its response, Petitioner briefly indicates that it can

proceed under either subsection 60(b)(4), 60(b)(5), or 60(b)(6).[6] We will address each of these briefly in turn, assuming *arguendo* that this remedy is even available to Petitioner, a non-party.

Although New Century failed to make this argument, we note that Rule 60(b) provides relief to "a party or a party's legal representative." A party's "legal representative is 'one who stands in the place and stead of another, such as an heir at law.'" *United States v. 8136 S. Dobson St., Chi., Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997) (quoting *In the matter of El Paso Refinery*, 37 F.3d 230, 234 (5th Cir. 1994)) (affirming denial of 60(b)(6) motion where movant was not a claimant or a legal representative of a claimant to a forfeiture action). Petitioner is not a party to this action and was not a party when the judgment was entered. Petitioner might be able to become a party by intervening in this action, but has filed no motion to do so. *See c.f. Home Sav. of Am. v. Pioneer Bank & Trust Co.*, 169 F.R.D. 332, 333-36 (N.D. Ill. 1996) (allowing third party to intervene in mortgage foreclosure action where defendant had allegedly forged third party's name on quit claim deeds before obtaining a mortgage from the plaintiff).

---

[6] Petitioner concedes that a 60(b)(3) motion is not appropriate as such a motion would be time-barred. *See* Fed. R. Civ. P. 60(b) (A party may be granted relief from a judgment due to fraud of an adverse party, but only if the motion is brought within one year.) Neither party mentions, however, that if the circumstances to justify relief from judgment under 60(b)(3) are present, but the motion was brought over one year after the entry of judgment, then 60(b)(6) (allowing relief for "any other reason justifying relief") cannot be used to circumvent this time limitation. *See Wesco Prods. Co. v. Alloy Auto. Co.* 880 F.2d 981, 983 (7th Cir. 1989). The Court does not find that circumstances justifying relief under 60(b)(3) are present as the alleged perpetrator of the fraud, Kevin Roebuck, is not an adverse party to Petitioner. *See c.f. Tiller v. Baghdady*, 294 F.3d 277, 283-84 (1st Cir. 2002) (affirming denial of plaintiff's 60(b)(3) motion where she failed to prove by clear and convincing evidence that documents proffered by defendant at trial were forgeries); *Assocs. Disc. Corp. v. Goldman*, 52 F.R.D. 37, 40 (W.D. Penn. 1971) (granting defendant's 60(b)(3) motion where defendant showed that her signature to the guaranty at issue was forged and ratified by an employee of the plaintiff). Thus we will consider relief from the judgment under 60(b)(6), *infra*.

Without reaching the issue as to whether Petitioner should be allowed to intervene, or even whether 60(b) relief is available to Petitioner as a non-party, we will consider relief under Rule 60(b), keeping in mind that such relief is "an extraordinary remedy and is granted only in exceptional circumstances." *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 628 (7th Cir. 1997).

1. <u>60(b)(4)</u>

Under 60(b)(4), the court may relieve a party from a final judgment if the judgment is void. A judgment is void if the court entering the order lacked jurisdiction, or if it had no authority to enter the order, or if it acted against due process of law. *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995) (citations omitted). "A judgment is not void simply because it is erroneous." *In Re Crivello*, 134 F.3d 831, 838 (7th Cir. 1998). Void judgments are legal nullities, and the court lacks discretion to deny a motion to vacate a void judgment under 60(b)(4). *Indoor Cultivation Equip.*, 55 F.3d at 1317. The "reasonable time" limit allowed by Rule 60(b) in the context of a 60(b)(4) motion effectively means "no time limit" and the judgment may be vacated at any time. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 950 (7th Cir. 2000).

Here there is no contention that the court did not have personal jurisdiction over any of the parties or that it lacked subject matter jurisdiction. Petitioner also does not contend that the order was inconsistent with due process. Further, Petitioner cannot reasonably contend that the court acted in a manner outside of its powers. We find that none of the elements are met, and therefore, Rule 60(b)(4) relief is not available to Petitioner.

## 2. 60(b)(5)

Rule 60(b)(5) provides, in part, that the court may vacate a judgment if "it is no longer equitable that the judgment should have prospective application." Petitioner's entire argument that might relate to this section consists of a short sentence that "[i]t would be manifestly inequitable to evict this elderly and disabled person from the home which she has owned and resided in for 44 years." (Pet'r Answer to Mot. to Dismiss at ¶ 13.) This is not sufficient to meet Petitioner's heavy burden.

Subsection (5) provides relief "almost exclusively in cases dealing with injunctions and consent decrees." *Cincinnati Ins. Co.*, 131 F.3d at 631. This portion of the Rule specifically applies to judgments that are "prospective" in application. Fed. R. Civ. P. 60(b)(5). "Judgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions.'" *Cincinnati Ins. Co.*, 131 F.3d at 630 (quoting *Twelve John Does v. District of Colombia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). A judgment is not "prospective" merely because it has "some reverberations into the future" or "continuing consequences." *Id.* (quoting *Twelve John Does*, 841 F.2d at 1138-39).

The judgment of foreclosure in this case is not directed at a future event. It does not compel either party to perform a future act or refrain from performing a future act. The judgment does not require the court to supervise interactions between the parties, and for these reasons, subsection (5) does not provide the relief that Petitioner seeks. *See id.* at 631 (holding that Rule 60(b)(5) did not apply to a declaratory judgment where the declaratory judgment was not directed at a future event or act).

### 3. 60(b)(6)

Petitioner's remaining ground for setting aside the foreclosure judgment is the catchall provision of Rule 60(b), under which the court may relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A movant must show "extraordinary" circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950).

When prompted, Petitioner named only two extraordinary circumstances justifying relief from the judgment of foreclosure. The first is the incompetency of Ella. The incompetency is, however, irrelevant. Ella was not adjudicated disabled until after the deed was allegedly signed. *See Greathouse v. Vosburgh*, 169 N.E.2d 97, 103 (Ill. 1960) (noting a presumption that a grantor of a deed was of sound mind). Ludie has set forth no evidence whatsoever indicating that this Court should find that Ella was incompetent before the probate court reached this conclusion. During the probate proceedings, which began in September 1999 and which were contested by Ella, she was represented by a guardian ad litem, and she later was represented by a plenary and then personal guardian. The crux of Petitioner's argument is that Ludie's prior guardian, Ella's son Kenneth, was not really looking out for Ella's best interests. Petitioner's only evidence to this effect is one short sentence in the answer to the motion to dismiss that Ludie believes that Kenneth participated in the "fraud perpetrated upon his mother." However, this allegation is not even mentioned in her affidavit, nor is it supported by any other evidence.

The second circumstance that Petitioner claims justifies relief under 60(b)(6) is her hunch that the deed was a forgery. But the only evidence Petitioner offers to support her allegation is two documents (dated many years apart) that supposedly have different signatures. It appears

likely to the Court that a person's signature might change over the years, especially in an older person suffering from health problems. There is no other evidence that the deed was a forgery. *See In re Estate of Bontkowski*, 785 N.E.2d 126, 131 (Ill. App. Ct. 2003) (forgery must be proven by clear and convincing evidence from a disinterested witness). In fact, it appear that consideration was given for the transfer and no one, including Ella, complained.

Petitioner has failed to meet her legal burden of demonstrating that extraordinary circumstances exist that justify setting aside the judgment. Without further proof, we cannot say that a forgery has been shown. Even if it had, however, the alleged forgery (and even the "fraud" allegedly perpetrated upon Ella) does not explain why she or her estate or Ludie did not come forward sooner.

A 60(b)(6) motion must "be made within a reasonable amount of time." Fed. R. Civ. P. 60(b). "'There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion....'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (quoting *Sudeikis v. Chi. Transit Auth.*, 774 F.2d 766, 769 (7th Cir. 1985)). "'What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" *Id.* at 610 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

The forgery is not the reason that Petitioner did not come forward until now. And although Petitioner's answer alludes to a scheme to defraud Ella, the existence of this scheme is not supported by any evidence. Furthermore, the supporting affidavit does not give any reason

why Ludie could not have discovered this alleged fraud sooner.[7] It simply states that she did not know sooner, and that she acted as soon as she did know. It does not explain the actions that Ella's children or Kevin Roebuck took to prevent Ludie from discovering that her sister no longer owned her home. Nor does it explain why Ella herself did not act before she was declared disabled. Furthermore, there is a great interest in finality in this case, especially considering the amount of time that has passed and the prejudice to New Century if this motion is granted. *See Margoles v. Johns*, 798 F.2d 1069, 1072 (7th Cir. 1986) (noting that because public policy favors the finality of judgments they should be reopened only in extraordinary circumstances).

While sympathetic to Ludie Bradley's instinct to protect her sister, we find that Petitioner has not shown extraordinary circumstances that would justify relief under 60(b)(6), and her petition is denied for this reason.

### B. New Century's Remaining Arguments

The Court can make short shrift of New Century's remaining arguments. We do not find any merit to its contention that Petitioner has not pled forgery with the required degree of specificity under Rule 9(b). Similarly, New Century's argument regarding collateral estoppel is misplaced; the issue of the validity of the transfer was never in front of the state court. *See Hexacomb Corp. v. Corrugated Sys., Inc.*, 678 N.E.2d 765, 771 (Ill. App. Ct. 1997) (holding that

---

[7] The question of when *Ludie* discovered the alleged forgery does not reach the issue of when Ella's prior guardian discovered the property transfer, nor do we reach the issue at this point as to whether Ella's estate is bound by the action or inaction of her prior guardian.

collateral estoppel "bars subsequent actions only as to the point or question *actually* litigated and determined in the prior suit and not as to matters that *might* have been litigated and determined") (emphasis in original)). The probate court did not make a finding as to the whether or not the deed was forged, rather it merely stated that the parties had represented to the court that the transfer had occurred and that Ella owned no real property.

New Century's argument that Petitioner is estopped from asserting forgery at this late stage in the game after she has already accepted the benefits of the transfer i.e., $25,000 and the payment of her mortgage which had been in foreclosure proceedings, may have some merit. *See c.f. Zurstrassen v. Stonier*, 786 So. 2d 65, 68-71 (Fla. Dist. Ct. App. Ct. 2001) (principals of estoppel, waiver, and ratification apply even to void deeds). Nevertheless, we decline to delve into this issue further as we have already found that any Rule 60(b) motion brought by Petitioner should be denied.

### III. Conclusion

For the foregoing reasons, the Court find that New Century's motion to dismiss is granted, and that Petitioner's petition to vacate the judgment of foreclosure is denied. New Century's renewed motion to dismiss is denied as moot.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** June 24, 2003.

Copies have been mailed to:

| | |
|---|---|
| ELIZABETH K. MEYERS, Esq.<br>MICHAEL S. FISHER, Esq.<br>ERIK E. BLUMBERG, Esq.<br>MARC D. ENGEL, Esq.<br>KENNETH J. JOHNSON, Esq.<br>RENEE MELTZER KALMAN, Esq.<br>Fisher & Fisher, P.C.<br>120 North LaSalle Street<br>Suite 2520<br>Chicago, IL 60602<br><br>JAMES H. LONGSTREET, Esq.<br>E. WILLIAM MALONEY, JR., Esq.<br>Maloney, Craven & Longstreet, P.C.<br>2093 Rand Road<br>Des Plaines, IL 60016<br><br>Attorneys for Plaintiff, New Century<br>  Mortgage Corporation | MAURICE ALBIN, Esq.<br>Sigel, Albin, Landau & Rubin<br>77 West Washingon Street<br>Suite 1018<br>Chicago, IL 60602-2801<br><br><br><br><br><br><br><br><br><br><br>Attorney for Petitioner, Ludie Bradley |